ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **JORGE LUIS DEL VALLE HERNÁNDEZ y otro**<br><br>Recurridos<br><br>v.<br><br>**JOSÉ LUIS DÁVILA GONZÁLEZ y otros**<br><br>Peticionarios | KLCE202500203 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.: **CG2024CV01109**<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece ante este Foro, el señor José Luis Dávila González (señor Dávila González o parte peticionaria) y solicita que revisemos la *Resolución Interlocutoria* notificada el 29 de enero de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante la misma, el foro primario declaró *No Ha Lugar* la solicitud de desestimación instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el pronunciamiento impugnado.

**I.**

Según surge del expediente, el 3 de abril de 2024, el señor Jorge Luis Del Valle Hernández y su esposa, la señora Myrna Luz Ruiz Ortiz, vecinos del estado de Georgia, Estados Unidos (en conjunto, matrimonio Del Valle-Ruiz o parte recurrida) incoaron una demanda sobre dolo contractual y daños y perjuicios en contra del

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

señor Dávila González, su esposa, y la Sociedad Legal de Gananciales compuesta por ambos; el señor Edward Santiago Figueroa, corredor de bienes raíces (señor Santiago Figueroa); HR Mortgage, Corp. y el tasador José L. Rivera Díaz, entre otros.[2] En esencia, se alegó que los codemandados, a sabiendas, los indujo a adquirir una propiedad localizada en Gurabo, Puerto Rico, bajo falsas representaciones respecto a la condición física del inmueble. Precisó que le ocultaron, mediante acciones y omisiones dolosas, culposas y negligentes, que ésta tenía severos defectos incluyendo, pero sin limitarse a: problemas eléctricos, filtraciones en el techo y una situación con el sistema de placas solares. Particularizó que lo anterior conllevó que suscribieran un contrato de opción y las posteriores escrituras de compraventa e hipoteca. Añadió que, de haber tenido conocimiento de los defectos de la propiedad no la hubiera adquirido o hubiera pagado un precio menor. Además, esgrimió que la institución financiera y el tasador no desplegaron la adecuada diligencia para asegurar que la propiedad estaba libre de defectos y tuviera los elementos necesarios para poder financiarla. Adujo que el negocio jurídico de compraventa e hipoteca eran nulos porque su consentimiento fue viciado mediante dolo grave, lo cual conllevaba la devolución de las prestaciones.

En suma, el matrimonio Del Valle-Ruiz requirió al TPI que declarara ha lugar la demanda, decretara la nulidad de los negocios jurídicos de compraventa e hipoteca y condenara, de manera solidaria, a los codemandados a lo siguiente:

   a. Devolución de las cantidades pagadas en gastos de cierre, pagos al principal del préstamo hipotecario, intereses, seguros y otras partidas en una cuantía no menor de $50,000.00.

---

[2] La demanda fue enmendada el 6 de mayo de 2024. El 24 de julio de 2024, HR Mortgage contestó la demanda enmendada. Mediante *Sentencia Parcial* emitida el 5 de diciembre de 2024, el foro *a quo* dictó sentencia de desistimiento sin perjuicio a favor del señor Rivera Díaz.

b. Devolución de las cuantías incurridas por concepto de gastos para mitigar los defectos de la propiedad en una suma no menor de $50,000.00.

c. Una cuantía no menor de $250,000.00 por concepto de los sufrimientos y angustias mentales.

El 23 de julio de 2024, el señor Dávila González solicitó al Tribunal de Primera Instancia que se le impusiera una fianza de no residente al matrimonio Del Valle-Ruiz, conforme a la Regla 69.5 de Procedimiento Civil[3], y que todo procedimiento quedara suspendido hasta que se prestara la misma. El 25 de julio de 2024, el señor Santiago Figueroa instó una *Moción para Desestimar Demanda y en Solicitud de Fianza de No Residente al Amparo de las Reglas de Procedimiento Civil.*

A raíz de la solicitud del señor Dávila González, el TPI impuso al matrimonio Del Valle-Ruiz la suma de $1,000.00 en concepto de fianza de no residente, mediante *Orden* emitida el 29 de julio de 2024, notificada al día siguiente. El 13 de septiembre de 2024, el aludido matrimonio comunicó al Tribunal el pago de la fianza, por lo que solicitó la continuación de los procedimientos. El 16 de septiembre de 2024, el foro de instancia concedió 30 días al señor Dávila González y al señor Santiago Figueroa para contestar la demanda.[4]

El matrimonio Del Valle-Ruiz se opuso a la petición del señor Santiago Figueroa por medio de una moción presentada el 7 de octubre de 2024. En lo pertinente a la fianza de no residente, arguyó que resultaba innecesario discutir dicho asunto, por haberse tornado académico. Ello, porque la fianza fue impuesta y satisfecha. En atención al petitorio del señor Santiago Figueroa, el TPI impuso una fianza de no residente de $1,000.00 al matrimonio Del Valle-Ruiz en una *Orden* dictada el 7 de octubre de 2024. El 16 de octubre

---

[3] 32 LPRA Ap. V, R. 69.5.
[4] El 8 de noviembre de 2024, el señor Santiago Figueroa contestó la demanda enmendada.

de 2024, el señor Dávila González requirió la paralización de los procedimientos porque el matrimonio Del Valle-Ruiz no había cumplido con prestar la fianza de no residente impuesta por el Tribunal en la *Orden* del 7 de octubre de 2024.

Tras varios trámites, el 27 de diciembre de 2024, el TPI notificó una *Orden*, por medio de la cual, entre otras cosas, le anotó la rebeldía al señor Dávila González.

El 10 de enero de 2025, el señor Dávila González incoó una *Moción de Desestimación*. En esencia, discutió que el matrimonio Del Valle-Ruiz nunca cumplió con la *Orden* del TPI dictada el 7 de octubre de 2024 que le impuso una fianza de no residente de $1,000.00. Reiteró que la exigencia de la fianza concernida era de carácter mandatorio y todo procedimiento en el pleito quedaba suspendido hasta que esta se prestara. Alegó que, si no se prestaba la fianza dentro del plazo de 60 días aplicable, el TPI debía ordenar la desestimación de la demanda. Así, arguyó que, ante el incumplimiento del matrimonio Del Valle-Ruiz, el Tribunal no tenía discreción para dejar de imponer la sanción de la desestimación.

Al día siguiente, el señor Dávila González solicitó la reconsideración del pronunciamiento del TPI mediante el cual se anotó la rebeldía. Sin embargo, en una *Orden* emitida y notificada el 13 de enero de 2025, el foro de instancia denegó su solicitud y expresó lo siguiente: "…La fianza de no residente fue impuesta el 30 de julio de 2024 y prestada el 13 de septiembre de 2024."

El 21 de enero de 2025, el señor Dávila González pidió al TPI que dejara sin efecto la anotación de rebeldía impuesta, conforme su facultad discrecional y los principios de justicia. Argumentó que no había desplegado un comportamiento característico de falta de diligencia. Añadió que entendía que el TPI concluyó que la *Orden* notificada el 8 de octubre de 2024 no interrumpió los trámites del caso en cuanto a su persona, por lo cual se le anotó la rebeldía.

Alegó que creyó de buena fue que el litigio estaba paralizado en virtud de la mencionada *Orden*. El matrimonio Del Valle-Ruiz se opuso oportunamente. Esgrimió que el señor Dávila González se cruzó de brazos a sabiendas de que la fianza había sido satisfecha, que no se ordenó la paralización de los procesos con posterioridad a que prestara la fianza y de que los procedimientos continuaron su curso ordinario. Consiguientemente, el foro primario dejó sin efecto la anotación de la rebeldía al señor Dávila González.[5]

Así las cosas, el 28 de enero de 2025, notificada al día siguiente, el foro *a quo* emitió la *Resolución Interlocutoria* que hoy revisamos. Conforme adelantado, el TPI denegó la *Moción de Desestimación* incoada por el señor Dávila González. La juzgadora de los hechos expuso: "Nótese, que la fianza fue satisfecha. Véase entrada 37".

Inconforme, el señor Dávila González presentó el recurso que nos ocupa, en el cual le señala al TPI la comisión del siguiente error:

> Erró el TPI al declarar no ha lugar la moción de desestimación del peticionario bajo el fundamento de que la segunda fianza de no residente había sido satisfecha, cuando del propio expediente judicial surgía que la misma no había sido prestada, lo que constituyó un abuso de discreción del TPI.

El 25 de marzo de 2025, el matrimonio Del Valle-Ruiz instó su alegato en oposición. El 2 de abril de 2025, el señor Dávila González presentó una *Urgente Moción Solicitando que no se Considere Alegato en Oposición por no Haber Sido Notificado al Peticionario*, a la cual se opuso el matrimonio Del Valle-Ruiz. Mediante *Resolución* dictada el 11 de abril de 2025, denegamos el petitorio del señor Dávila González. Este último solicitó reconsideración el 21 de abril de 2025.

Estamos en posición de resolver.

---

[5] Mediante *Orden* del 21 de enero de 2025. El 28 de enero de 2025, el señor Dávila González contestó la demanda enmendada e instó una reconvención. Esta última fue contestada por el matrimonio Del Valle-Ruiz el 10 de febrero de 2025.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[6]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005). Cuando de la discreción de los tribunales se trata, los foros apelativos, como regla general, no intervendrán a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021), citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

---

[6] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En la presente causa, la parte peticionaria esencialmente aduce que procede la intervención de este Foro en esta etapa de los procedimientos para evitar que la decisión impugnada le ocasione un perjuicio sustancial. Razona que el TPI emitió dos (2) órdenes independientes requiriendo de la parte recurrida la prestación de dos (2) fianzas de no residentes: (1) la dictada el 29 de julio de 2024 a raíz de su solicitud, la cual fue acatada el 13 de septiembre de 2024 y (2) la emitida el 7 de octubre de 2024 a solicitud del señor Santiago Figueroa, la cual no fue cumplida por la parte recurrida. Por ende, argumenta que el foro *a quo* abusó de su discreción al ignorar la *Orden* que dictó el 7 de octubre de 2024 que requería la prestación de una segunda fianza de no residente. Puntualiza que fue ante el incumplimiento de la parte recurrida con esta segunda imposición de la fianza que presentó la moción de desestimación que fue posteriormente denegada.

La parte recurrida expresa estar conforme con el dictamen impugnado. Arguye que: (1) la fianza de no residente se prestó el 13 de septiembre de 2024; (2) los procedimientos judiciales continuaron, otras partes presentaron escritos contestando la demanda y el TPI dictó órdenes e incluso una *Sentencia Parcial* y (3) de la *Orden* notificada el 8 de octubre de 2024 no surge que se paralizaran los procedimientos. A su vez, esboza que la alegación de la parte peticionaria de prestar dos (2) fianzas para la continuación de los procesos era frívola. Es su contención que la alegada segunda imposición de fianza fue un error y omisión involuntario del TPI, toda vez que dicho foro reconoció que la fianza fue prestada. Aduce que exigir una segunda fianza de no residente constituiría un abuso de discreción judicial y un craso error de derecho.

Analizado el expediente con detenimiento, entendemos que el foro *a quo* erró al emitir su dictamen, por lo que procede nuestra

intervención. En efecto, del récord del caso surgen dos (2) solicitudes de fianza de no residente presentadas por dos (2) codemandados de forma independiente. El TPI las atendió y ordenó a la parte recurrida, en diferentes fechas, el pago de dos (2) fianzas de $1,000.00 cada una.

Bajo las circunstancias particulares que presenta el caso, entendemos que lo más razonable es que el foro primario conceda un término a la parte peticionaria para cumplir con la *Orden* del 7 de octubre de 2024 o aclarar si dicho pronunciamiento se emitió por inadvertencia y la parte peticionaria solo está obligada a pagar una sola fianza de no residente de $1,000.00.

Ante las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, expedimos el auto de *certiorari* y dejamos sin efecto el pronunciamiento impugnado, con el fin de evitar un fracaso de la justicia.

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la *Resolución Interlocutoria* recurrida. Se declara *No Ha Lugar* la solicitud de reconsideración presentada el 21 de abril de 2025 por el señor Dávila González. En consecuencia, se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones